[No. 6321. Decided November 15, 1906.]

JULIUS L. LOEB et al., Respondents, v. HENRY J. ASBERRY et al., Appellants.[1]

MUNICIPAL CORPORATIONS—ASSESSMENTS—SALE OF LOTS—DEED—VALIDITY—FAILURE OF PURCHASER TO PAY TAXES. Under Tacoma city charter, §§ 148-150, providing that the purchaser of lots under sale for street assessments shall not be entitled to a deed until the payment by him of subsequent taxes and assessments, such payment is a condition precedent intended as notice to the owner, without which a deed is void.

SAME—REDEMPTION FROM SALE. Where the purchaser of lots sold for street assessments fails to give the owner constructive notice by the payment of subsequent taxes, the owner may redeem the same at any time as though no sale had been made, under Laws 1899, p. 234, § 5, allowing redemption at any time within thirty days after notice of the assessment.

[1]Reported in 87 Pac. 510.

Appeal from a judgment of the superior court for Pierce county, Chapman, J., entered April 10, 1906, in favor of the plaintiffs, after a trial on the merits before the court without a jury, in an action to quiet title to lots sold for street assessments. Affirmed.

*Charles O. Bates* and *Charles A. Murray*, for appellants.
*Shackleford & Hayden*, for respondents.

HADLEY, J.—This is an action to quiet title and to effect the cancellation of a deed made in pursuance of special as-- sessment proceedings. The plaintiffs were the owners of certain lots in the city of Tacoma. They were assessed for local improvements, and it was provided that the assessments should be payable in five equal annual installments. The first installment became delinquent, and the city treasurer proceeded to sell the lots at summary sale, as provided by §§ 148, 149 and 150 of the city charter. The. defendant, Henry J. Asberry, became the purchaser, and received certificates of sale. He thereafter paid the subsequent installments of this assessment. Section 157 of the city charter provides for redemption from sales made for improvement assessments, upon payment to the city treasurer, for the purchaser, of the amount for which property was sold, with twenty per cent per annum interest, together with all taxes, improvement assessments and costs and charges paid by the purchaser subsequent to the sale, with like interest thereon. If no redemption is made within three years from the sale, the treasurer shall, upon demand by the purchaser or his assigns, and upon the surrender of the .certificate of sale, execute a deed. Notice shall first be given the purchaser·by the certificate holder that he holds the certificate, and that he will demand a deed. The notice may be either by personal service or by publication in a weekly newspaper published in the city for fully three weeks. If no redemption is made within ninety days from. the service of such notice,

the holder is entitled to a deed. Such deed shall, however, not be executed until after payment of all subsequent taxes and improvement assessments upon the property. The defendant published a notice that he would demand a deed, and thereafter made demand and procured the deed, but did not pay certain other improvement assessments which were then liens against the property, and did not pay the general taxes thereon for the years 1901 to 1904, inclusive. These became liens subsequent to the assessment under which defendant claims, and were all paid by plaintiffs prior to the time the defendant demanded and received his deed.

The ordinance providing for the assessment was passed in pursuance of chapter 146 of the Laws of 1899, authorizing cities of the first class to levy and collect assessments for local improvements. Sections 2 and 3 of that act provide that the city may ordain whether payment shall be made in one sum or by installments, and may fix the times for payments and the rate of interest and penalty for delinquent payments. This ordinance provided that the delinquent installments should draw interest at the rate of ten per cent per annum until paid. The plaintiffs tendered the full amount paid by the defendants Asberry and wife, with ten per cent per annum interest thereon, but the same was refused. The court entered a decree quieting plaintiffs' title, cancelling the said deed, awarding plaintiffs the possession, and also judgment for certain rents which had been paid to the Asberrys by the defendant Bjorkland, a tenant in possession. This appeal is from the decree and judgment.

That appellant Asberry was not entitled to the deed is manifest from the provisions of the city charter which required, as a condition precedent, that he should first pay all subsequent assessments for the local improvements and general taxes. This he did not do. In *Albring v. Petronio, ante*, p. 132, 87 Pac. 49, we recently decided that the failure to perform such a condition precedent rendered the deed

void. The subject was elaborately argued in that case and
the argument need not be repeated here. All the reasons
assigned there as to the payment of subsequent taxes and
assessments being a part of the intended scheme for assist-
ing to bring actual notice home to the owner who has not
had personal notice of a sale are applicable here. The plain
duty was cast upon appellant Asberry, as the purchaser, to
pay these subsequently accruing tax and assessment liens if
he wished to maintain the integrity of the sale. When he
accepted the certificates of sale he assumed that duty in
law, and when he violated the duty, the certificates gave him
no right to a deed, but became mere evidence of his payment
and of his right to reimbursement, together with interest at
the rate fixed by the ordinance for delinquent payments. In
other words, the sale as such became ineffective for the rea-
son that title could not be founded upon it, and respondents
were not required to redeem from the sale within the three-
year period provided by the charter for redemption from
summary sales, but were left to their rights for redemption
as if no sale had been made. If, therefore, respondents have
made their tender within a period allowed to them for re-
demption from a mere delinquent assessment, appellants must
accept the tender. The provisions of chapter 124 of the
Laws of 1899, page 234, are also applicable here. That act
provides for the issuance of bonds by cities to pay for local
improvements, and for the method of payment. Bonds were
issued for the improvement, in the case at bar, in pursuance
of that statute. Section 5 of that statute provides as fol-
lows:

"The owner of any such lot or parcel of land may redeem
the same from all liability for said assessment at any time
after said thirty days [meaning thirty days after notice to
him of such assessment] by paying the entire installments
of said assessment remaining unpaid and charged against
such lot or parcel at the time of such payment with interest
thereon to the date of the maturity of the installment next
falling due."

We have seen that the situation here now is as if no sale had been made, and respondents have, therefore, the clear right to redeem from this mere delinquent assessment, since the above statute permits such redemption by the owner "at any time after said thirty days," upon payment of the entire amount due with interest. No hardship can come to the appellants from such a result. They receive all the money they have paid, with ten per cent per annum interest thereon. If they desired to avail themselves of the benefit of the sale they should have strictly pursued the charter provisions. Statutes for the summary sale of property must be strictly followed, and especially so where the notices to the owner are constructive and not personal.

The judgment is affirmed.

MOUNT, C. J., FULLERTON, RUDKIN, and DUNBAR, JJ., concur.

CROW and ROOT, JJ., took no part.