Manuel Pérez Soto, peticionario, *v.* La Corte de Distrito de Arecibo, Hon. Luis Samalea, Juez, demandado.

No. 585.—*Visto:* Noviembre 28, 1927. *Resuelto:* Abril 25, 1928.

*L. Mercader* y *A. Reyes Delgado,* abogados del peticionario; *José E. Figueras, Fiscal del Supremo,* a nombre del demandado en el pleito de *mandamus.*

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

Manuel Pérez Soto radicó ante la Corte de Distrito de Arecibo una petición de *mandamus* contra el Auditor Municipal de Utuado. Alegaba que él era Alcalde de Utuado, que según el presupuesto se le había fijado un sueldo de $125 mensuales, y que no se le había pagado parte alguna del mismo; que había solicitado del auditor municipal la expedición de libramientos en pago de estos sueldos pero que el auditor municipal se había negado a ello.

En contestación a la petición de *mandamus* el auditor municipal alegó que no había expedido dichos libramientos porque el Contador de Puerto Rico le había ordenado hacerlo así. La corte de distrito llegó a la conclusión de que no se podía dictar la decisión correspondiente sin que antes se hubiera hecho parte en el pleito al Contador de Puerto Rico y por tanto que de acuerdo con el artículo 74 del Código de Enjuiciamiento Civil debería expedirse el correspondiente emplazamiento a fin de hacerlo parte en el pleito. En vista de esta orden se radicó una petición de *certiorari* ante esta corte.

Este caso hasta cierto punto debe regirse por la decisión en el caso de *Laborde* v. *Municipio de Isabela,* resuelto en

el día de hoy, *ante,* pág. 65. Como este caso envuelve una cuestión de pago de sueldos y no una responsabilidad directa incurrida por el municipio con un ciudadano independientemente de sí mismo, existe, por lo menos sustancialmente, alguna diferencia y posiblemente una razón mayor por la cual la negativa del Contador de Puerto Rico a aprobar los libramientos del auditor municipal podrían impedir que el auditor municipal los expidiera. Sin embargo, sobre la cuestión adjetiva, o sea, la necesidad de la intervención real por parte del Contador de Puerto Rico, no vemos razón alguna para hacer una distinción de este caso. El auditor municipal podía levantar todas las defensas que hubiera. No es necesaria en absoluto la presencia del Contador de Puerto Rico.

La orden de la Corte de Distrito de Arecibo de octubre 11, 1927, *debe ser anulada y devolverse el caso para ulteriores procedimientos no inconsistentes con esta opinión.*