RAFAEL COSTAS PURCELL, demandante y apelante, *v.* MUNICIPIO DE YAUCO, demandado y apelado.

No. 4275.—*Sometido:* Abril 12, 1928.—*Resuelto:* Enero 23, 1929.

*Feliú & La Costa,* abogados del apelante; *L. López de Victoria,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Éste es un pleito similar a varios otros que hemos visto, en el que se reclama el importe de los servicios prestados en la consecución de un empréstito. La Corte de Distrito de Ponce se negó a dictar sentencia a favor del demandante, fundándose en que el Contador de Puerto Rico había rehusado aprobar la cuenta, por no haber agotado el reclamante sus recursos administrativos, de conformidad con el caso de *Axtmayer* v. *Kessinger,* 32 D.P.R. 915, y en vista de que si bien el Alcalde de Yauco tal vez tenía derecho a emplear al demandante, sin embargo, no tenía derecho, sin el concurso de la asamblea municipal, a fijar la remuneración de $2,500 y quizá por otros motivos. Todos estos fundamentos, excepto uno, han sido resueltos en forma adversa al apelado en uno u otro de los siguientes casos: *Fajardo Sugar Co.* v. *Holcomb* 16 Fed. (2nd) 92; *Costas Purcell* v. *El Municipio de Las Marías,* 37 D.P.R. 19; *Pérez* v. *Corte de Distrito,* 38 D.P.R. 80, y *Laborde* v. *El Municipio de Isabela,* 38 D.P.R. 65.

El fundamento restante es impugnado por el siguiente señalamiento de error:

"Así mismo erró la corte inferior al concluir que la compensación reclamada por el apelante no fué aprobada por la Asamblea Municipal del Municipio apelado y que tal aprobación era necesaria para obligar al Municipio y que el Comisionado Municipal de Servicio Público no tenía autoridad para fijar y convenir en tal compensación."

La sección 14 de la ordenanza aprobada por el municipio lee así:

"El Comisionado de Servicio Público, Policía y Prisiones de Yauco, Puerto Rico, por la presente queda autorizado para designar

si lo creyere conveniente, una persona que se haga cargo de la tramitación y documentación de este empréstito hasta su realización.''

Desde luego, de acuerdo con la anterior sección, el alcalde tenía derecho a emplear un perito. Entonces queda por resolver la cuestión de si él tenía derecho a fijar la compensación. La sección 59 de la Ley Municipal citada por el apelado dice que no se harán asignaciones sino por ordenanza o resolución de la Asamblea Municipal. Tenemos la idea, y así lo resolvemos, de que la sección 14 es la ordenanza o resolución a que se refiere la sección 59, y que ella dió al alcalde derecho, dentro de lo razonable, de fijar el montante de la remuneración de la persona que ha empleado. Si, según sugiere el apelado, se fijara una suma que equivaliera a un fraude, entonces el municipio, el Contador de Puerto Rico o las cortes pueden impedir el cobro. Que la suma de $2,500 no es tan excesiva que equivalga a un fraude, fué resuelto por este tribunal en uno o más de los casos anteriormente citados, y los autos demuestran que el apelante trabajó, aunque es posible que este trabajo, o parte del mismo, pudiera haber sido hecho gratuitamente por otros. De igual modo el municipio posteriormente aprobó la suma reclamada.

El apelante también alega que el municipio estaba impedido de negarse a pagar el montante de la compensación en vista de ciertos actos y de la aceptación del empréstito. Quizá el apelante esté en lo cierto, pero no queremos entrar en este campo sin una discusión más amplia.

*Debe revocarse la sentencia apelada.*

El Juez Presidente Sr. del Toro, disintió.