ALEJANDRO LABORDE, demandante y apelado, *v.* MUNICIPIO DE ISABELA, demandado y apelante.

No. 3881.—*Sometido:* Enero 14, 1929. *Resuelto:* Enero 30, 1929.

M. *Tous Soto* y *José A. López Acosta* y *R. A. Gómez, Sub-procura-dores*, abogados del apelante; *Leopoldo Feliú*, abogado del apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Éste es un caso similar a otros que hemos revisado, en el cual la Asamblea Municipal de Isabela pasó, y el Consejo Ejecutivo de Puerto Rico aprobó, una ordenanza autorizando al Comisionado de Servicio Público para obtener un empréstito, así como emplear un agente que se hiciera cargo de la tramitación y documentación del mismo. El Comisionado Banuchi celebró un contrato con el apelado Alejandro Laborde. El importe que debía pagar el municipio por los servicios era cinco mil dólares. Al radicarse una demanda en cobro de dinero contra el municipio, dicho comisionado contestó admitiendo los hechos anteriores y otros, pero alegando que el municipio no pagaba debido a que el Contador de Puerto Rico negaba su aprobación. La Corte de Distrito de Aguadilla dictó sentencia sobre las alegaciones a favor del demandante.

La opinión de la corte inferior sigue algunos de los puntos de vista que se han expresado en los siguientes casos: *Fajardo Sugar Co.* v. *Holcomb*, 16 Fed. (2nd) 92; *Costas Purcell* v. *El Municipio de Las Marías*, 37 D.P.R. 19; *Pérez* v. *Corte de Distrito*, 38 D.P.R. 80; *Laborde* v. *El Municipio de Isabela*, 38 D.P.R. 65, y *Costas Purcell* v. *Municipio de Yauco*, (pág. 57 *ante*). La corte también resolvió que en la demanda se alegaba que el contrato había sido aprobado

por el Contador y que esta alegación no había sido negada específicamente por la contestación y debía aceptarse como cierta.

Las cuestiones de derecho sustantivo que se señalan como error han sido suficientemente resueltas por nuestras decisiones anteriores arriba citadas, al igual que en la opinión de la corte inferior. El apelante señala dos errores más.

██ Éstos son, en efecto, que el Comisionado de Servicio Público no tenía autoridad para radicar la contestación, que presentó en este caso, y que por tanto la corte no debió haber dictado sentencia sobre las alegaciones. El apelante descansa en la sección 29 de la Ley Municipal, que dice así:

❋  ❋  ❋  ❋  ❋  ❋  ❋

"En ningún procedimiento o acción en que sea parte el municipio representado por el alcalde, podrá éste allanarse a la demanda o dejar de contestarla ni someter dicha acción o procedimiento a arbitraje. . ." Ley No. 92 de 1925.

Convenimos con el apelado en que la contestación radicada por el municipio en este caso, suscrita por el comisionado, no es el allanamiento a que se refiere la sección 29. El comisionado contestó y negó que el municipio tuviera autoridad para pagar en vista de que el Contador no aprobaba dicho desembolso. La sección 29 arriba transcrita, impone al Comisionado el deber de contestar, y por consiguiente, si admite la certeza de ciertos hechos, de ser ciertos, está cumpliendo únicamente con su deber. Él no está en la obligación de negar hechos que son ciertos alegados en la demanda. Igualmente convenimos con el apelado en que la sección 29 no prescribe ningún castigo o penalidad si el funcionario que está obligado a contestar una demanda infringe dicha sección.

*La sentencia apelada debe ser confirmada.*

El Juez Presidente Sr. del Toro, disintió.