BANCO DE PONCE, INC., Plaintiff and Appellant, v. MUNICI-
PALITY OF TOA ALTA, Defendant and Appellee; AUDITOR
OF PORTO RICO, Intervenor.

No. 4819.   Argued March 15, 1929.—Decided July 23, 1929.

*López de Tord & Zayas Pizarro* for the appellant.   *James R. Beverly,
Attorney General; R. A. Gómez* and *Felipe Janer, Assistants,* for
the appellee.

MR. JUSTICE TEXIDOR delivered the opinion of the court.

Attorney Fulgencio Piñeiro Rodríguez sued the Munici-
pality of Toa Alta in the District Court of San Juan to
recover two thousand dollars as fees for his services in con-
nection with a loan secured by the defendant municipality,
which answered, and the court gave judgment for the plain-
tiff in the sum of $2,000 with costs.   The judgment having
become final, a writ of execution was issued, and the marshal
of the District Court of Ponce demanded payment of the
$2,000 as principal and $510 as costs from the Banco de
Ponce where the funds of the municipality were deposited.
The bank paid the said sum and the municipality protested
against the payment on the ground that its funds were
exempt from attachment.   Thereupon the Banco de Ponce,
acting on the advice of counsel, returned to the municipality
the sum of $2,510, the aggregate amount of the payment plus
$76.35 as interest thereon, which was credited to the munici-
pality's account, and stated that it subrogated itself in the
place of the creditor in the action.   It filed in the District

Court of San Juan a motion for a declaration of subrogation in its favor and the court, after a hearing in which both parties appeared and without objection on the part of the municipality, granted the motion by an order of October 6, 1927.

The Banco de Ponce tried to collect from the municipality the payment of the sums in question and its attorney wrote several letters to the municipality demanding the inclusion of the claim in its ensuing budget—one of such letters was dated November 22, 1927, adverting to the subrogation and inquiring from the municipality whether it would agree to the inclusion in the budget of funds for the payment sought; another was dated May 15, 1928, written to the Auditor, stating a similar request; another, dated June 8, 1928, and addressed to the municipal auditor was to the same effect and asked information in regard to the new budget and the inclusion of the debt. It seems that the municipality or its officers did not answer these letters. The fact is that the budget for 1928–1929, approved by the Mayor of Toa Alta on June 7, 1928, did not contain any appropriation in favor of the Banco de Ponce as subrogated in the rights of attorney Piñeiro.

On June 30, 1928, the Banco de Ponce filed in the District Court of San Juan a petition for an alternative writ of mandamus directed to Secundino Díaz Morales, Mayor of Toa Alta, and José Miranda González, Julio Romero Negrón, Mariano Hernández, Federico López del Valle, Marcelino Nieves, Jacinto Burgos and Eugenio Medina, members of the Municipal Assembly of Toa Alta, to compel them to include in the budget for the fiscal year beginning on July 1, 1928, a sufficient amount payable to the petitioner, to cover the sum of $2,510 of the judgment, an additional amount as interest thereon and a further sum for costs, expenses and attorney's fees, and to pay the said sums to the petitioner in due legal form; or failing in this to appear and show cause why they should not do so.

The court made an order summoning the defendants to show cause why the writ should not issue.

On July 13, 1928, the Auditor of Porto Rico appeared and filed a motion of intervention, which the court granted over the objection of the petitioner. The Auditor then filed a motion to quash the writ and dismiss the petition, and jointly with the defendants answered the petition. The answer alleged as special defenses: (*a*) lack of jurisdiction of the court which rendered the original judgment; (*b*) that the payment of the amount claimed had been refused by the Auditor of Porto Rico and an action had been brought without an appeal having been taken from the decision of the Auditor in accordance with the Organic Act; (*c*) that the claim herein has reference to a loan fund and that if the judgment debt had to be provided for in a budget it should have been paid out of the loan and not included in the ordinary budget of the municipality; (*d*) that there is no ministerial duty to be performed by the defendants, since the budget had been approved prior to the filing of the petition; and that they are not bound to include in a regular budget items which should be included in appropriations from special loan funds.

Upon hearing the evidence the court rendered a decision dismissing the mandamus petition, and it is from that decision that the present appeal has been taken.

One of the principal grounds of the decision appealed from is set forth in the following excerpts from the opinion of the court below:

"It appears from the evidence heard in this case that on June 30, 1928, the same day on which the petition was filed, the balance of all funds to the credit of the Municipality of Toa Alta was $23,252.03 of which the sum of $14,675.99 was derived from the $80,000 loan; that as a part of the said sum there was available $2,623.72 for incidental expenses; and that up to the hearing of this proceeding, to wit, on July 13, 1928, no warrant for payment was pending chargeable against that item, nor did it appear that

any ordinance had been approved disposing of that balance of the loan for any incidental expenses of the municipality.

"The amount involved in the judgment sought to be collected, including the memorandum of costs, is $2,510, and this sum is less than the balance left from the loan for incidental expenses. It would not seem proper, therefore, to use the current funds of the municipality for the payment of services the compensation of which is specifically included in the special loan fund, and still less to order the municipality by a writ of mandamus to include in an ordinary budget, which has been approved and is actually in force, items already incorporated in another budget."

Three errors are assigned by the appellant. The first is as follows:

"The District Court of San Juan erred in granting the motion of intervention filed by the Auditor of Porto Rico in the present proceeding."

We may follow the language used by the appellant in arguing this point. The Auditor of Porto Rico is not a necessary, not even a formal, party to this proceeding. We think that the appellant is right in its contention that the Auditor is not, and can not become a power superior to the courts of justice. In *Laborde* v. *Municipality of Isabela,* 38 P.R.R. 58, we have determined with precision the scope of the authority of the Auditor and the extent of his powers. His powers and duties as to intervention, examination and settlement of accounts relating to public revenues and receipts, and the legal sense of the words "examine", "settle" and "intervene" are not left in doubt after that decision and the jurisprudence therein cited, especially the cases of *State* v. *Claussen,* 44 Wash. 427, 87 Pac. 498, which defined the meaning of the words "audit," "adjust" and "settle", and *St. Louis, Brownsville & Mexico Ry. Co.* v. *United States,* 268 U. S. 170–174, wherein the court said: "No action of these officials can bar the right of a claimant to have the Court of Claims determine whether he is entitled to recover

under a contract with the Government." And in our case of *Laborde* v. *Municipality, supra,* we stated:

"With these antecedents we can not find that it was the intention of Congress to create a special or independent tribunal in the person of the Auditor of Porto Rico.

"  *  *  *  *  *  *  *

"But we see therein no disposition to deprive a citizen who makes a contract with a municipality of his right to sue, or of his right to sue without first having recourse to the auditor."

The decision in the Laborde case was a precedent that was followed in *Pérez Soto* v. *Arecibo District Court,* 38 P.R. R. 71, the syllabus of which reads as follows:

"In a mandamus proceeding against a municipal auditor to compel him to issue warrants to cover salaries the intervention of the Auditor of Porto Rico as a party to the proceeding is not necessary."

The intervention of the Auditor in the present case was not necessary, not even acceptable. The first error was properly assigned.

The second assignment of error reads as follows:

"The District Court of San Juan erred in deciding that since out of the appropriation from the $80,000 loan for incidental expenses of the Municipality of Toa Alta there remained a balance of $2,623.72, and that up to the hearing of the case, on July 13, 1928, no warrant against the same was pending of payment, which balance was above the sum of $2,510 here claimed by the petitioner, it was not the proper thing to use funds from the regular budget of that municipality to pay for services whose payment was specifically provided for out of special funds."

We do not agree with this theory of the appellant. It is true that the action of the municipality and its officers in the face of the demand from the Banco de Ponce was neither correct nor commendable. But such attitude did not relieve the claimant from inquiring whether, a loan being involved, there was from the special funds thereof any sums devoted, or that might be devoted to cover its claim, which did not

fall within the category of ordinary and current obligations in municipal budgets. The evidence showed that such funds existed and that the purpose to which devoted was clear and determined.

We do not think that a strict application can properly be made herein of section 50 of the Municipal Law in so far as it prohibits municipalities to appropriate any sums for the payment of employees without first appropriating sums for the payment of other debts and deficits. This section is as follows:

"Section 50.—That the municipalities shall not appropriate in their budgets any sum for the payment of salaries without having first made, in their order, the necessary appropriations for the following obligations:

"(a) Indebtedness on account of principal and interest due or to become due within the fiscal year for which the budget is framed, for which no special funds are provided, through a special tax, for the redemption thereof;

"(b) Any deficit resulting from the operations of preceding years, or expenses to which the municipality is legally bound by contracts either entered into or for other causes, and all payments or reimbursements by reason of final judgments rendered against the municipality by any court of competent jurisdiction;

"(c) Public charity;

"(d) Public education;

"(e) Public works;

"(f) Fire, police and jail services;

"(g) Maintenance of municipal works and buildings;

"(h) Per diems of members of the municipal assembly."

These provisions do not and can not mean, as contended by the appellant, that the municipality has the power to pass upon the jurisdiction of the courts. That was not the intention of the Legislature nor could it conceivably be that of any legislator.

In the present case the amount applicable for the payment of all legal expenses incurred in connection with the loan is already marked out and set apart, and it covers the amount

of the claim. This being so, there is no justification for the issuance of the writ of mandamus sought.

The third assignment of error is as follows:

"The District Court of San Juan erred in holding that the mandamus petition was not timely filed because one day after its filing, on June 30, 1928, the budget, which had been previously approved on June 5 and 6, 1928, went into effect and since the various sums necessary for meeting the expenses of the municipality had been appropriated in the budget, the issuance of the writ would be prejudicial to the public interest and would hinder the municipal activities."

After we have decided the second assignment of error in the manner above shown, it would serve no practical purpose for us to pass upon the third. Really, it can not properly be said that a mandamus petition for the inclusion of items in a budget which becomes effective on July 1 is timely when filed on the day previous to such date. This situation of fact is not the most appropriate for arguing that such inclusion can be made before the going into effect of the budget.

The only error committed, to wit, permitting the intervention of the Auditor, is not sufficient, under the circumstances, to justify a reversal.

The order appealed from must be affirmed.

Mr. Chief Justice Del Toro does not concur in the result.