EL BANCO DE PONCE, INC., demandante y apelante, *v.* MUNICIPIO DE TOA ALTA, demandado y apelado; AUDITOR DE PUERTO RICO, interventor.

No. 4819.—*Sometido:* Marzo 15, 1929. *Resuelto:* Julio 23, 1929.

*López de Tord & Zayas Pizarro,* abogados del apelante; *Hon. Attorney General James R. Beverley, R. A. Gómez* y *Felipe Janer,* Sub-Procuradores, abogados del apelado.

El Juez Asociado Señor Texidor emitió la opinión del tribunal.

El abogado Fulgencio Piñeiro Rodríguez demandó ante la Corte de Distrito de San Juan al Municipio de Toa Alta sobre cobro de dos mil dollars, como honorarios por su intervención en un empréstito realizado por el demandado; contestó el municipio; y la corte dictó sentencia en favor del demandante, por $2,000, y las costas. Firme la sentencia, se pidió su ejecución, se libró el mandamiento para ella; y el Márshal de la Corte de Distrito de Ponce requirió al Banco de Ponce, depositario de fondos del municipio demandado para el pago de los $2,000 de principal y $510 para costas; pagó el Banco esa suma; y entonces el Municipio de Toa Alta protestó de que se hubiera hecho el pago, por no ser embargables los fondo de los municipios. Entonces el Banco de Ponce, previa consulta legal, restituyó al Municipio de Toa Alta los $2,510, a que había ascendido el pago, con $76.35 de intereses, que se abonaron a la cuenta del Municipio, pero haciendo constar el Banco que se subrogaba en lugar del acreedor en el pleito, y acudiendo a la Corte de Distrito de San Juan con moción para que se declarase la subrogación, como se declaró por la corte en resolución de 6 de Octubre de

1927, después de oír a las partes, y sin que el Municipio se opusiera a la moción de subrogación.

El Banco de Ponce gestionó del Municipio de Toa Alta el pago de las citadas sumas, y su abogado escribió algunas cartas al Municipio de Toa Alta, reclamando la inclusión del débito en el presupuesto próximo; una de ellas de 22 de noviembre de 1927, al Municipio, notificándole la subrogación, y pidiendo información acerca de si el Municipio convendría en incluir fondos para el pago en el nuevo presupuesto; otra, de 15 de mayo de 1928, al Auditor en que se hace la misma reclamación; otra de 8 de junio de 1928, al Auditor Municipal, en el mismo sentido, y solicitando información con respecto al nuevo presupuesto y a inclusión del débito. Parece que el Municipio o sus funcionarios, dejaron sin contestar esas cartas. El hecho es que en el presupuesto de 1928–29, que se aprobó por el Alcalde de Toa Alta el 7 de Junio, 1928, no figuró asignación ninguna a favor del Banco de Ponce como subrogado en los derechos del Sr. Piñeiro.

En 30 de Junio de 1928, el Banco de Ponce radicó ante la Corte de Distrito de San Juan una petición para que se expidiera un auto condicional alternativo de *mandamus* contra Secundino Díaz Morales, Alcalde de Toa Alta, y José Miranda González, Julio Romero Negrón, Mariano Hernández, Federico López del Valle, Marcelino Nieves, Jacinto Burgos y Eugenio Medina, miembros de la Asamblea Municipal de Toa Alta, para que procedan a incluir en el presupuesto que debe entrar a regir el 1 de julio de 1928 una suma suficiente, a favor del peticionario para cubrir los $2,510 importe de la sentencia, y una suma adicional para intereses, y otra para costas y gastos y honorarios de abogado, y para que en la forma legal correspondiente, paguen al peticionario tales sumas; y de no hacerlo, comparezcan a mostrar causa.

La corte resolvió ordenando se citara a los demandados para expresar causa por la que no se debiera librar el auto de *mandamus*.

En 13 de Julio de 1928, el Auditor de Puerto Rico compareció pidiendo que se le admitiese como interventor en el caso. La corte, con la oposición del promovente, admitió como interventor al Auditor de Puerto Rico. Este presentó moción para que se anulara el auto, y se desestimara la petición; y presenta, conjuntamente con los demandados, una contestación a la petición; en ésta, como defensas especiales se ofrecieron: (a) falta de jurisdicción en la corte que dictó la sentencia original; (b) que el pago de la suma reclamada fué denegado por el Auditor de Puerto Rico, y se estableció pleito ante la corte sin haberse apelado la resolución del Auditor, de acuerdo con el Acta Orgánica; (c) que la reclamación que se establece pertenece a un fondo de empréstito, y si tenía que incluirse la sentencia en algún presupuesto, tenía que ser en el del empréstito, y no en el ordinario del municipio; (d) que los demandados no tienen deber ministerial que cumplir, ya que el presupuesto estaba aprobado antes de presentarse la solicitud; y que no tienen que incluir en presupuesto ordinario partidas que son de presupuestos de fondos especiales para empréstitos.

Se practicó la prueba; y la corte dictó resolución, declarando sin lugar la petición de *mandamus*. Y contra esta resolución se ha interpuesto la apelación que aquí decidimos.

Una de las razones principales en que se funda la resolución apelada aparece de los párrafos de la opinión que a continuación se copia:

"De la prueba practicada en este caso aparece que en 30 de junio de 1928, o sea, el mismo día de la presentación de la solicitud de *mandamus*, el balance de todos los fondos del Municipio de Toa Alta era de $23,252.03, de los cuales correspondían al empréstito de $80,000 la suma de $14,675.99; que de esta suma y con cargo a la partida de imprevistos había un saldo de $2,623.72; y que, hasta el momento de la vista de este recurso, o sea, el 13 de julio de 1928, no había pendiente de pago ningún libramiento con cargo a esa partida, ni aparecía que se hubiera aprobado ordenanza alguna dispo-

niendo de ese saldo de imprevistos del empréstito para ninguna atención de la municipalidad.

"La suma envuelta en la sentencia que se trata de cobrar, incluyendo el memorándum de costas, asciende a $2,510, y siendo esta cantidad menor que el balance arrojado para pago de imprevistos del empréstito, parece claro 'que no procede disponer de los fondos ordinarios del Municipio para satisfacer servicios cuya remuneración está específicamente incluida en los fondos especiales de un empréstito, y menos aún ordenar a un municipio, por medio de *mandamus,* para que incluya en un presupuesto ordinario, que fué aprobado y está vigente, cantidades que ya figuran en otro presupuesto."

Tres son los señalamientos de error que presenta la apelante. El primero es así:

"Primer error.—La Corte de Distrito de San Juan cometió error al permitir al Auditor de Puerto Rico intervenir en este procedimiento."

■ Podemos seguir, en forma de declaraciones, las palabras del apelante. El Auditor, o Contador, de Puerto Rico, no es parte necesaria, ni siquiera formal, en este procedimiento. Creemos que el apelante tiene razón al sostener en rechazar la idea de que el Contador pueda convertirse en, o adquirir, un poder omnímodo, superior a las cortes de justicia. En el caso *Laborde* v. *Municipio de Isabela,* 38 D.P.R. 65, hemos determinado con precisión cuál es la esfera de autoridad del Contador, y hasta dónde puede él llegar en sus atribuciones. Su deber, y su derecho, en lo que toca a examen, intervención y liquidación de las cuentas relativas a rentas e ingresos, y el sentido legal de las palabras "examinar," "liquidar" e "intervenir," no pueden ser dudosas, después de esta decisión, y de la jurisprudencia que en ella se cita, especialmente los casos *State* v. *Claussen,* 44 Wash. 427, 87 Pac. 498, en que se definió el sentido de las palabras "revisar (*audit*)," "ajustar" y "liquidar"; y el de *St Lous Brownsville & Mexico Ry. Co.* v. *United States,* 268 U. S. 170–174, en el que se dijo por la Corte: "Ninguna actuación de estos funcionarios podría obstaculizar el derecho de un reclamante

a que la Corte de Reclamaciones determine si él tiene derecho a recobrar lo que reclama por virtud de un contrato celebrado con el Gobierno.'' Y en nuestro caso citado, *Laborde* v. *Municipio,* dijimos:

"Con estos antecedentes, no podemos llegar a la conclusión de que fuera la intención del Congreso crear un tribunal especial o independiente en la persona del contador de Puerto Rico.

. " *           *           *           *           *           *           *

"Pero no vemos disposición alguna en tales palabras de privar a un ciudadano que efectúa un contrato con un municipio, de su derecho a demandar o de su derecho a demandar sin acudir primeramente al Contador."

Por la decisión en el caso Laborde se rigió la en el caso *Pérez Soto* v. *Corte de Distrito de Arecibo,* 38 D.P.R. 80, en cuyo *Syllabus* se lee:

"En procedimiento de *mandamus* contra un Auditor Municipal para compelerle a la expedición de libramientos de pago de sueldos no es necesario que intervenga como parte el Contador de Puerto Rico."

No era precisa la intervención del Contador en este caso, ni aceptable siquiera. El primer error está bien señalado.

El segundo señalamiento de error es como sigue:

"La Corte de Distrito de San Juan cometió error al resolver que toda vez que de los ochenta mil dólares ($80,000.00) del empréstito, con cargo a la Partida de Imprevistos, del Municipio de Toa Alta existía un saldo de dos mil seiscientos veintitrés dólares con setenta y dos centavos, ($2,623.72), y que hasta el momento de la vista del recurso, o sea el 13 de julio de 1928, no había pendiente ningún libramiento contra el mismo, cuyo saldo era mayor que el importe aquí reclamado por el peticionario de dos mil quinientos diez dollars, y no procedía disponer de fondos ordinarios de dicho Municipio para satisfacer servicios cuya remuneración estaba específicamente incluída en fondos especiales."

No estamos conformes con la teoría del apelante. Es verdad que la actuación del Municipio y de sus funcionarios

frente a las reclamaciones del Banco de Ponce, no es la correcta, ni la recomendable. Pero ella no eximía al reclamante de investigar, si tratándose de un empréstito, había en los fondos especiales del mismo sumas destinadas o destinables a cubrir la reclamación que él hacía, y que no pertenece a la clase de ordinarias y corrientes en el presupuesto de los municipios. Por la prueba se vió que tales fondos existían, y que era claro y determinado su destino.

No creemos que, en este caso, quepa la estricta aplicación del artículo 50 de la Ley Municipal, en cuanto prohibe a los municipios asignar cantidades para el pago de sus empleados, sin que preceda la consignación de las sumas para pagar otras deudas y déficits. El artículo es así:

"Art. 50.—Los municipios no podrán asignar en sus presupues-tos cantidad alguna para el pago de sueldos, sin que antes se hayan consignado por su orden, los créditos necesarios para las siguientes atenciones:

"(a) Deudas por capital e intereses vencidos o que hubieren de vencerse dentro del año económico para el cual se forma el presupuesto, que no tenga fondos especialmente asignados para su amortización, mediante contribución especial;

"(b) Cualquier déficit que resultare en las operaciones de años anteriores, o gastos a que estuviere legalmente obligado el municipio por contratos ya celebrados o por otras causas, y todos los pagos o reembolsos por concepto de sentencias firmes dictadas contra el municipio por cualquier tribunal competente;

"(c) Beneficencia pública;

"(d) Instrucción pública;

"(e) Obras públicas;

"(f) Servicio de incendios, policía y cárcel;

"(g) Conservación de obras y edificios municipales;

"(h) Dietas de los miembros de la asambleas municipal."

Ese precepto legal, no quiere, ni puede, significar, como pretenden los apelados, que el municipio tenga la facultad de calificar la competencia de los tribunales que dictaron las sentencias. Ni ése es el propósito del legislador, ni se concibe que ningún legislador pudiera tenerlo.

Lo que sí ocurre en este caso es que la cantidad para el pago de los gastos judiciales que el empréstito ocasionara, está señalada, y separada, y cubre el importe reclamado; y si es así, no hay motivo que justifique la expedición del auto de *mandamus* como se solicitó.

El tercer señalamiento de error es como sigue:

"La Corte de Distrito de San Juan cometió error al resolver que la petición de *mandamus* fué tardía, ya que un día después de radicarse la misma, 30 de junio de 1928, empezó a regir el presupuesto que había sido adoptado previamente en las fechas del 5 y del 6 de junio de 1928, y que habiéndose asignado las diferentes partidas en presupuesto para el sostenimiento de necesidades de la comunidad, acarrearía perjuicios a los intereses públicos y entorpecimientos a la municipalidad el declarar con lugar dicho *mandamus*."

Resuelto el segundo señalamiento en la forma en que lo ha sido, no tiene importancia práctica en el caso, la resolución de este tercero. Realmente, no cabe decir que se presenta muy a tiempo una petición de *mandamus* para inclusión de partidas en un presupuesto que va a empezar a regir el 1 de julio, si la petición viene ante la corte el día inmediato precedente a tal vigencia. Las condiciones naturales, tiempo, término, no son las más apropiadas, para sostener que se puede hacer la inclusión antes de la vigencia.

El único error cometido, o sea el de permitir la intervención del Contador, no es bastante, dadas las circunstancias, para una revocación.

*Debe confirmarse la sentencia apelada.*

El Juez Presidente Señor del Toro está conforme con el resultado.