BOLÍVAR PAGÁN, demandante y apelado, *v.* EL MUNICIPIO DE LUQUILLO, PUERTO RICO, demandado y apelante.

No. 5175.—*Sometido:* Junio 19, 1930. *Resuelto:* Julio 21, 1931.

*Hon. Attorney General James R. Beverley y Tomás Torres Pérez,* Subprocurador, abogados del apelante; el apelado compareció por su propio derecho.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

El abogado Bolívar Pagán prestó servicios profesionales al municipio de Luquillo en un pleito que estableció para impedir que Juan Bernabe obstaculizara a los vecinos del mismo

el uso de un camino vecinal y dicho municipio consignó en su presupuesto la cantidad de $300 para pagar dichos servicios. El Contador de Puerto Rico (*Auditor*) dispuso que ese presupuesto fuese reajustado y habiéndolo sido se consignó también dicha partida, que nunca fué pagada al abogado a pesar de haberla reclamado varias veces y entonces dicho abogado presentó demanda judicial reclamando $600 como valor de sus servicios. La sentencia que recayó condenó al municipio a pagar la cantidad de $300 y el demandado interpuso este recurso de apelación.

El único motivo alegado ante nosotros para que revoquemos la sentencia es por no haber sostenido la corte inferior la defensa alegada por el municipio en su contestación a la demanda referente a que el cobro hecho por el apelado en los tribunales no es el adecuado y legal por ser contrario a las secciones 20 y 21 de nuestra Carta Orgánica. En otras palabras, que debió seguir el procedimiento administrativo establecido en las secciones citadas acudiendo con su reclamación ante el Contador de Puerto Rico, con apelación ante el Gobernador de esta Isla, y no el procedimiento judicial porque se trata de una deuda liquidada por el municipio y porque la actuación del Contador de Puerto Rico hubiera resuelto finalmente la reclamación.

 Según la sección 20 referida el Contador de Puerto Rico examinará, fiscalizará y liquidará, de acuerdo con la ley y con los reglamentos administrativos, todos los gastos de fondos y de propiedad pertenecientes al gobierno de Puerto Rico y a los municipios o dependencias del mismo y sus decisiones serán finales a no ser que se apele de ellas dentro de un año para ante el Gobernador de esta Isla, como autoriza la sección 21.

La reclamación del abogado Pagán no estaba liquidada por el municipio, pues éste no tiene el derecho de fijar arbitrariamente una cantidad determinada como remuneración del abogado que lo representó y defendió en el pleito. La fija-

ción del valor razonable de tales servicios por falta de contrato expreso es función judicial y no administrativa, pues el Contador no está autorizado por la ley para determinar cuál es dicho valor, por lo que el abogado tenía el derecho de acudir con su reclamación ante los tribunales de justicia, únicos que podían resolver su controversia con el municipio.

El caso de *Laborde* v. *Municipio de Isabela,* 38 D.P.R. 65, no favorece al apelante pues en él se trataba de pleito para cobrar servicios prestados al municipio de acuerdo con un contrato y habiéndose alegado como ahora que la reclamación debió hacerse por la vía administrativa, este tribunal dijo: ''Con estos antecedentes, no podemos llegar a la conclusión de que fuera la intención del Congreso crear un tribunal especial o independiente en la persona del Contador de Puerto Rico. Las únicas palabras en la ley a ese efecto son las siguientes: 'Las decisiones del Contador serán finales, a no ser que se apele de ellas por la parte perjudicada o por el jefe del departamento interesado, dentro de un año, en la forma que se prescribe más adelante.' Pero no vemos disposición alguna en tales palabras de privar a un ciudadano que efectúa un contrato con un municipio, de su derecho a demandar, o de su derecho a demandar sin acudir primeramente al Contador.'' En el presente caso no se trataba de si la partida por importe de honorarios del abogado debía incluirse o no en el presupuesto municipal sino de la reclamación de pago por tales servicios y de la fijación de su cuantía. En el caso de *Costas Purcell* v. *Municipio de las Marías,* 37 D.P.R. 19, se trataba de una demanda judicial cobrando servicios prestados al municipio, y dictada sentencia absolutoria fué revocada por este tribunal condenando al pago, habiendo sido consideradas en él las secciones 20 y 21, *supra.* El caso de *Costas Purcell* v. *Municipio de Yauco,* 39 D.P.R. 57, es similar al antes citado y revocamos la sentencia absolutoria que había dictado la corte inferior fundándose en que el demandante no había agotado los recursos administrativos.

*La sentencia apelada debe ser confirmada.*